UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80213-MARRA/MATTHEWMAN

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.

ARTHUR R. ROEBUCK III & PATRICIA R.
SWINDLE TRS d/b/a JUPITER WEST PLAZA;
RIVIERA TRADING AND MARKETING d/b/a
JUPITER WEST PLAZA; SCRIBE ENTERPRISES,
INC. d/b/a JUPITER WEST PLAZA; and LESLIE
J. FRYE, II,

    Defendants.
_____/

FILED BY ____KJZ____ D.C.

Sep 2, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON APPELLEES
ARTHUR R. ROEBUCK, III AND PATRICIA R. SWINDLES, RIVIERA TRADING
AND MARKETING, INC. AND SCRIBE ENTERPRISES, INC.'S APPLICATION FOR
APPELLATE ATTORNEYS' FEES [DE 120]
AND
THE SCRIBE INSUREDS' NOTICE OF CONCLUSION OF LITIGATION AND
RENEWED MOTION FOR ATTORNEY'S FEES [DE 127]**

THIS CAUSE is before the Court upon:

(1) Appellees, Arthur Roebuck, III and Patricia Swindle TRS, Riviera Trading and Marketing Inc, and Scribe Enterprises, Inc.'s (collectively, "Appellees") *Application for Appellate Attorney's Fees* [DE 120]; and

(2) Defendants, Riviera Trading and Marketing d/b/a Jupiter West Plaza and Scribe Enterprises, Inc. d/b/a Jupiter West Plaza's (collectively, "Defendants") *Notice of Conclusion of Litigation and Renewed Motion for Award of Reasonable Attorneys' Fees* [DE 127].

These matters were referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. *See* DE 130. Plaintiff, Mt. Hawley Insurance Company ("Plaintiff") has filed

1

a Response to both Motions [DEs 124, 131]. The matter is now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Judge **GRANT** (1) Appellees' Application for Attorneys' Fees [DE 120], and (2) Defendants' Renewed Motion for Attorneys' Fees [DE 127].

## I. BACKGROUND

Plaintiff filed the Complaint in this case on February 21, 2017, asserting a single count for declaratory relief against Defendants Riviera Trading and Marketing d/b/a Jupiter West Plaza and Scribe Enterprises, Inc. d/b/a Jupiter West Plaza. [DE 1]. Plaintiff sought a declaratory judgment that it had no duty to defend or indemnify Defendants for the claims brought by Leslie J. Frye, II, which arose from an altercation between Frye and Paul Cleary on December 14, 2014, in Jupiter, Florida. [DE 1]. On June 16, 2017, Defendants answered the Complaint and brought a Counterclaim against Plaintiff, asserting that Plaintiff had a continuing duty to defend the claims brought against Defendants in the underlying liability complaint filed by Frye. [DE 37].

On April 12, 2019, the Court entered its Order and Opinion [DE 87] granting Defendants' Motion for Partial Summary Judgment on the Complaint for Declaratory Relief [DE 70] and denying Plaintiff's Dispositive Motion for Summary Judgment [DE 70]. The Court stayed the matter as to Plaintiff's obligation to indemnify. [DE 87, pg. 27]. On May 10, 2019, Plaintiff filed a Motion for Reconsideration, or in the Alternative, Motion to Certify for Immediate Appeal [DE 89]. On May 14, 2019, the Court granted in part and denied in part Plaintiff's Motion for Reconsideration and granted Plaintiff's Motion to enter a partial final judgment and declared that said judgment may be immediately appealed pursuant to Federal Rule of Civil Procedure 54(b). [DE 92, pg. 6]. The Court then entered Final Judgment [DE 93] in favor of Defendants and against

Plaintiff as to Plaintiff's claim seeking a declaratory judgment that it has no duty to defend the claims asserted by Frye in the underlying liability action against the policy holders. Plaintiff has since filed an appeal with the Eleventh Circuit Court of Appeals [DE 100]. That appeal has now been decided in favor of Defendants. [DE 127].

There is no dispute that Appellees and Defendants are entitled to attorneys' fees. Section 627.428 of the Florida Statutes permits claimants who successfully litigate their entitlement to coverage to recover reasonable attorneys' fees from the losing insurers which they incurred during the claims litigation. Fla. Stat. § 627.428(1); *B/E Aerospace, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 16-81293-CV, 2017 WL 9288915, at *2 (S.D. Fla. Aug. 29, 2017). The statute states, in relevant part:

> "Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

In this case, Judge Marra granted summary judgment against Mt. Hawley, the insurer, and in favor of Defendants, the insured [DE 87], and then entered Final Judgment in favor of Defendants and against Plaintiff as to Plaintiff's claim that it has no duty to defend the claims asserted by Frye in the underlying liability action against the Policy Holders [DE 93]. Defendants/Appellees now remain prevailing parties following the issuance of the Judgment of the United States Court of Appeals for the Eleventh Circuit [DE 117]. Therefore, Defendants/Appellees are the prevailing parties and are entitled to recover reasonable attorney's fees.

3

## II.     DISCUSSION OF THE REASONABLESS OF HOURLY RATES

Plaintiff objects to both the Application for Appellate Attorneys' Fees [DE 120] and the Renewed Motion for Attorneys' Fees [DE 127] as to the hourly rates charged by each time-keeper.

(1) <u>Appellees' Application for Appellate Attorneys' Fees</u> [DE 120]

Appellees filed their Application for Appellate Attorneys' Fees, seeking $70,888.50. Plaintiff objects to the following rates charged:

> Attorney: Jeffrey Williams with 10 years litigation/appeals experience, rate $430. Attorney: Michael C. Foster with 25 years litigation experience, rate $375. Attorney: Nicola Gelormino with 9 years litigation experience, rate $375. Attorney: Yasbel Perez with 2 years litigation experience, rate $335. Paralegal: Cristina Patterson with 8 years paralegal experience, rate $235. Paralegal: Lazara Cruz with 7 years paralegal experience, rate $175.

Plaintiff seeks a $100 reduction in the amount that each time-keeper has charged; Plaintiff does not dispute the amount of hours expended. Appellees respond that the rates are reasonable in the South Florida Market.

Appellees provided the Declaration of their attorney, Michael C. Foster, Esq.[1] who stated that he has been engaged as an expert on the reasonableness of attorneys' fees sought by attorneys in Florida and is routinely a certifying professional for attorneys' fees applications in the United States Bankruptcy Court for the Southern District of Florida. [DE 120]. Mr. Foster asserts that the rates charged in this litigation were reasonable in the applicable market of South Florida in light of the experience and sophistication of the attorneys and paralegals working on this case.

---

[1] *See Young Apartments, Inc. v. Town of Jupiter, Florida*, 2011 WL 13173808, at *2 (S.D. Fla. Oct. 12, 2011) (holding defendants' rates were reasonable based upon evidence including a declaration from a partner who substantially participated in the case).

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citations omitted). The Court itself is an "expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

Upon careful review of the hourly rates charged, the type of work performed, the skills, qualifications, and reputations of each time-keeper, and the prevailing rates charged by attorneys and paralegals in the South Florida Market, the Court finds that the hourly rates are all completely reasonable. All cases cited by Plaintiff are distinguishable, as to either (1) the market in question, (2) the skills, qualifications, or reputations of each time-keeper, or (3) the hourly rate charged. Though not in dispute, the undersigned also finds that the number of hours expended is reasonable.

The undersigned thus **RECOMMENDS** that the Court award Appellees Arthur R. Roebuck, III and Patricia R. Swindle TRS, Riviera Trading and Marketing, Inc., and Scribe Enterprises, Inc., $70,888.50 in appellate attorneys' fees, and **GRANT** their Application for Appellate Attorneys' Fees [DE 120].

(2) Defendants' Renewed Motion for Attorneys' Fees [DE 127]

Defendants filed their Renewed Motion for Attorneys' Fees against Plaintiff, seeking $87,014.00 in attorneys' fees pursuant to Florida Statutes §§ 626.9373 and 627.428. Plaintiff does not object to the amount of hours claimed by each time-keeper; instead, Plaintiff seeks a $100 reduction for the hourly rate billed by each time-keeper. Defendants argue the hourly rates are reasonable. [DE 127].

>   Plaintiff objects to the following hourly rates:
>
>   Attorney: Jeffrey Williams with 10 years litigation/appeals experience, rate $430. Attorney: Michael C. Foster with 25 years litigation experience, rate $375. Attorney: Nicola Gelormino with 9 years litigation experience, rate $375. Attorney: Yasbel Perez with 2 years litigation experience, rate $335. Paralegal: Cristina Patterson with 8 years paralegal experience, rate $235. Paralegal: Lazara Cruz with 7 years paralegal experience, rate $175.

Defendants provided the Declaration of their attorney, Michael C. Foster, Esq.[2] who stated that he has been engaged as an expert on the reasonableness of attorneys' fees sought by attorneys in Florida and is routinely a certifying professional for attorneys' fees applications in the United States Bankruptcy Court for the Southern District of Florida. [DE 120]. Mr. Foster asserts that the rates charged in this litigation were reasonable in the applicable market of South Florida in light of the experience and sophistication of the attorneys and paralegals working on this case.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (citations omitted). The Court itself is an "expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

Upon careful review of the hourly rates charged, the type of work performed, the skills, qualifications, and reputations of each time-keeper, and the prevailing rates charged by attorneys and paralegals in the South Florida Market, the Court finds that the hourly rates are all completely reasonable. All cases cited by Plaintiff are distinguishable, as to either (1) the market in question,

---

[2] *See Young Apartments*, 2011 WL 13173808, at *2.

6

(2) the skills, qualifications, or reputations of each time-keeper, or (3) the hourly rate charged. Though not in dispute, the undersigned also finds that the number of hours expended is reasonable.

The undersigned thus **RECOMMENDS** that the Court award Defendants RIVIERA TRADING AND MARKETING d/b/a JUPITER WEST PLAZA and SCRIBE ENTERPRISES, INC. d/b/a JUPITER WEST PLAZA the sum of $87,014 in attorneys' fees for defense of the captioned lawsuit, and **GRANT** the Renewed Motion for Attorneys' Fees [DE 127].

### III.  CONCLUSION

The undersigned **RECOMMENDS** that the Court award Appellees Arthur R. Roebuck, III and Patricia R. Swindle TRS, Riviera Trading and Marketing, Inc., and Scribe Enterprises, Inc., $70,888.50 in appellate attorneys' fees, and **GRANT** their Application for Appellate Attorneys' Fees [DE 120]. A Judgment should be entered against Plaintiff, Mt. Hawley Insurance Company, in the amount of $70,888.50, upon which execution should issue.

The undersigned **RECOMMENDS** that the Court award Defendants RIVIERA TRADING AND MARKETING d/b/a JUPITER WEST PLAZA and SCRIBE ENTERPRISES, INC. d/b/a JUPITER WEST PLAZA the sum of $87,014.00 in attorneys' fees for the defense of the captioned lawsuit, and **GRANT** the Renewed Motion for Attorneys' Fees [DE 127]. A Judgment should be entered against Plaintiff, Mt. Hawley Insurance Company, in the amount of $87,014.00, upon which execution should issue.

### IV.  NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to the

Report and Recommendation within that time period waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of September, 2020.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE